### Patents—Terms of Art—Extrinsic Evidence.

HEALD *v*. RICE. Error to the circuit court of the United States for the district of California. This was an action at law brought to recover damages for an alleged infringement of reissued letters patent granted for improvements in steam-boilers. The invention consisted, among other things, of a combination of a straw-feeding attachment with the furnace door of a return-flue steam-boiler for the use of straw alone as fuel in generating steam ample for practically operating steam-engines. The case was tried by a jury and resulted in a verdict and judgment for plaintiff, to reverse which the writ of error is prosecuted. The supreme court of the United States rendered its decision on March 6, 1882, reversing the decision of the circuit court. Mr. Justice *Matthews* delivered the opinion of the court.

Where the question of identity of the invention in the original and reissued patents is to be determined by their face from mere comparison, and if it appears from the face of the instruments that extrinsic evidence is not needed to explain terms of art or to apply the descriptions to the subject-matter, so that the court is able from mere comparison to say what are the inventions described in each, and to affirm from such comparison that they are not the same, then the question of identity is one of pure construction and not of evidence, and consequently is matter of law for the court, without any auxiliary matter of fact to be passed on by the jury, where the action is at law. Where it appears from the mere reading of the two specifications that the invention described in the first was for a return-flue boiler, while that described in the second, abandoning the claim for the boiler itself, is for a particular mode of using it, with straw as fuel, by means of an attachment to the furnace door for that purpose, they are essentially diverse, and the patent lawfully issued for one cannot be surrendered as the basis for a reissue for the other. A new and analogous use of an old device operating in the very manner intended by its inventor, and its use in the new application, is not the subject of a patent.

George Harding and John H. Boalt, for plaintiff in error.

M. A. Wheaton, for defendant in error.